**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5009-18T3

MARCIA A. SERRA-WENZEL
and WILLIAM P. WENZEL,

    Plaintiffs-Appellants,

v.

NABIL N. RIZKALLA and MINA
DIMETRY,

    Defendants-Respondents.

_____

Argued October 5, 2020 – Decided October 19, 2020

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0755-17.

Cory Anne Cassidy argued the cause for appellants (Riposta Lawyers, LLC, attorneys; Anthony J. Riposta, of counsel; Cory Anne Cassidy, of counsel and on the brief).

David J. Dering argued the cause for respondents (Leary, Bride, Mergner & Bongiovanni, PA, attorneys; David J. Dering, of counsel and on the brief).

PER CURIAM

After a damages-only trial in this personal injury case arising out of an automobile accident, a jury awarded plaintiff and her husband no damages. The verdict was based on the jury's finding that plaintiff had failed to prove she was injured in the accident. The trial court denied plaintiffs' motion for a new trial.

Plaintiffs now appeal, arguing the verdict was against the weight of the evidence, also alleging several trial errors. For the reasons that follow, we reverse and order a new trial.

I.

The case arises from a motor vehicle collision at an intersection in North Arlington on June 27, 2015. It is undisputed that a Nissan sedan driven by defendant Nabil Rizkalla ran a stop sign and struck broadside the driver's side of a Buick sedan driven by plaintiff Marcia Serra-Wenzel.[1] Plaintiff was unable to get out of her car following the impact. The fire department pried open the door and removed her. The Buick's airbags did not deploy. Defendant admitted liability for the happening of the accident.

---

[1] Although there are both a co-plaintiff and a co-defendant in this case, we refer to "plaintiff" in the singular as Ms. Serra-Wenzel and to "defendant" as Nabil Rizkalla.

A-5009-18T3

Plaintiff complained of lower back pain and was taken to a local emergency room, where she was treated and released. Her back pain continued, so she obtained treatment from an orthopedic surgeon, Michael Meese, M.D. He ordered MRIs of plaintiff's lower spine. The MRI images revealed that plaintiff had abnormalities in the disc material between the L3/L4, L4/L5, and L5/S1 vertebrae in her lower spine.

Plaintiff was age fifty-three at the time of the accident. She received anti-inflammatory pain medication. She was also advised by Dr. Meese of the option to have steroid injections but declined because she has diabetes. No surgery was recommended. Plaintiff did not sustain any lost wages or other economic damages.

Notably, plaintiff had not elected the lawsuit limitation option on her auto policy pursuant to N.J.S.A. 39:6A-8. Consequently, her damages for pain and suffering are not limited by the verbal threshold. As a "zero threshold" case, there was no need for plaintiff to prove a permanent injury from the accident in order to recover damages from defendant. See DiProspero v. Penn, 183 N.J. 477, 486 (2005).

Plaintiff presented to the jury the de bene esse deposition of Dr. Meese. He opined that she suffered permanent injuries to her spine due to the accident.

A-5009-18T3

The defense countered with expert testimony from an orthopedic surgeon, Warren A. Hammerschlag, M.D., who examined plaintiff in an independent medical examination three years after the accident. He acknowledged that plaintiff had been injured in the collision. She sustained, in his words, "a mild soft tissue injury, a sprain/strain of the lumbar spine as well as additional soft-tissue injury, a contusion of her left thigh and left shoulder." The defense expert conceded these injuries "were resulting" from the accident. He asserted, however, the conditions were not permanent injuries and had "resolved completely."

Plaintiff testified about the nature and severity of her back pain and injuries, which she contended were ongoing. She also presented testimony from her husband and her sister describing how her activities have been restricted since the collision.

At the end of the trial, the court issued an appropriate jury charge for a "zero threshold" automobile negligence case. The charge duly explained to the jurors that plaintiff would be entitled to compensation for any permanent or temporary injury proximately caused by the accident:

> [I]f you find for Mrs. Wenzel, she is entitled to recover fair and reasonable compensation for the full extent of the harm and losses caused, no more, no less. Fair and reasonable compensation means to make her whole for

4

any permanent or temporary injury.  In this case, for any injury. . . . [s]o, for any temporary injury and the consequences of that injury or injuries caused by the accident.

[(Emphasis added).]

See also Model Jury Charges (Civil), 8.11E, "Disability, Impairment and Loss of the Enjoyment of Life, Pain and Suffering" (rev. May 2017).

The court also provided the standard instruction on proximate causation, which stated, in pertinent part:

If you are to award damages, you must find that the accident was a proximate cause of the plaintiff's injuries before you can find that the defendant was responsible for plaintiff's injuries and/or losses. It is the duty of plaintiff to establish by a preponderance of the evidence that the accident was the proximate cause of the injuries and/or losses . . .

The basic question for you to resolve is whether the plaintiffs' injuries and/or losses are so connected with the accident that you decide it to be reasonable . . . that defendant should be held responsible for the plaintiffs' injuries . . .

By proximate cause, I refer to a cause that in a natural and continuous sequence produces the resulting injuries or losses and without which the resulting injuries or losses would not have occurred. A person who admits liability is held responsible for any injuries or losses that result in the ordinary course of events from the happening of the accident.

A-5009-18T3

That means that you must find that the resulting <u>injuries</u> <u>or losses</u> to plaintiffs would not have occurred <u>but for</u> <u>the happening of the accident</u>. If you find that but for the happening of the accident plaintiffs' injuries and/or losses would not have occurred, then you should find that the accident was a proximate cause of plaintiff's injuries and losses.

[(Emphasis added).]

<u>See</u> <u>Model Jury Charge (Civil)</u>, 6.10, "Proximate Cause – General Charge" (rev. Nov. 2019).

The trial court appropriately provided the jurors with the customary charges on aggravation of a previous injury, given the evidence that plaintiff had a preexisting spinal condition before the present accident. The aggravation charge explained that defendant would not be responsible for damages "attributable solely" to any preexisting condition, but that defendant would be responsible for damages to the extent the accident was shown to have aggravated or made plaintiff's condition "more severe." <u>See</u> <u>Model Jury Charges (Civil)</u>, 8.11F, "Aggravation of the Preexisting Disability" (approved Jan. 1997).

Without objection from counsel, the court provided the jurors with a verdict form that began with the following question:

1. Has plaintiff, Marcia A. Serra-Wenzel proven, by a preponderance of the evidence that she sustained any injuries that were proximately caused by the accident of June 27, 2015?

6

The verdict form and the court's jury charge instructed the jurors that if they answered "Yes" to Question #1, they were to proceed to Question #2, which read:

> 2. What sum of money will fairly and reasonably compensate the plaintiff, Marcia A. Serra-Wenzel, for injuries she sustained as a proximate result of the accident?

The jurors were told they should not reach Question #2 regarding the amount of damages if they answered "No" to Question #1 as to the proof of injury. The remaining questions on the verdict form dealt with the husband's loss of consortium claims, which were dependent on plaintiff establishing her own injury.

Following their deliberations, the jurors returned a "no-cause" verdict by a vote of seven-to-one. Specifically, they answered Question #1 on the verdict form "No," signifying their conclusion that plaintiff had not sustained her burden of proving "any injuries" proximately caused by the accident.

Plaintiffs moved for a new trial. Their primary argument was that the verdict was manifestly against the weight of the evidence because the testifying doctors both agreed that plaintiff had at least suffered a temporary injury due to the accident. Plaintiff also argued there were trial errors concerning the

admission of evidence and certain remarks made to the jury by defendant's trial attorney.[2]  The court denied the motion in a written opinion.

This appeal ensued.

## II.

## A.

The key question on this appeal is whether the jury's "No" answer to Question #1 on the verdict form reasonably can be reconciled with the evidence presented at trial.  We conclude that it cannot, even giving due deference to the jurors' role as fact-finders.

As a general matter, courts have a narrow scope of review of a jury's factual determinations.  A verdict should not be set aside as against the weight of the evidence "unless it clearly appears that there was a miscarriage of justice under the law."  R. 2:10-1; see also R. 4:49-1; Dolson v. Anastasia, 55 N.J. 2, 5-7 (1969).  The evidence must be viewed in a light most favorable to the party opposing the new trial motion.  Caldwell v. Haynes, 136 N.J. 422, 432 (1994).  The court generally should not substitute its judgment for the jury's assessment of the proofs and will grant relief "only where to do otherwise would result in a miscarriage of justice shocking to the conscience of the court."  Risko v.

---

[2]  Defendant is represented by different counsel on appeal.

Thompson Muller Auto Corp., Inc., 206 N.J. 506, 521 (2011) (quoting Kulbacki v. Sobchinsky, 38 N.J. 435, 456 (1962)).

Applying these familiar standards, we conclude this is the rare circumstance where a jury's verdict must be set aside because of its manifest incompatibility with the evidence. There is no substantial credible evidence in the trial record to support a finding that plaintiff sustained no injury whatsoever — not even a temporary one — resulting from this accident.

As we have noted, both the plaintiff's testifying doctor and defendant's testifying doctor agreed that plaintiff had sustained, at the very least, temporary injuries from the motor vehicle accident. To be sure, fact-finders do have the prerogative to disbelieve a witness's testimony, including experts. Angel v. Rand Express Lines, Inc., 66 N.J. Super. 77, 85-86 (App. Div. 1961). Even so, the jury's ultimate verdict must be founded upon competent evidence in the record. Here, all of the testifying witnesses, including the lay witnesses, attested that plaintiff sustained and exhibited some injuries resulting from the accident.

Because, as we have noted, this is a "zero threshold" case, plaintiff was entitled to fair and reasonable compensation for any new injury or aggravation of a previous injury proximately caused by the accident. Defendant's own expert conceded at least some degree of resultant injury. Although he used the terms

"mild" and "resolved" that minimized the degree of harm, he did not refute plaintiff's claim of temporary injury.

We owe a significant degree of deference to the trial court's "feel for the case," Jastram v. Kruse, 197 N.J. 216, 230 (2008) (internal quotation omitted). Even so, its post-trial decision does not justify how the jury could have reasonably found a lack of proximate causation, given the uncontroverted evidence of such resultant injury. By comparison, there would be an arguably rational basis for the jury to have answered Question #1 in the affirmative but awarded zero or minimal damages on Question #2. But that is not what occurred here.

Under the circumstances, we are constrained to vacate the unsupported verdict and remand for a new trial on damages.

B.

We need not discuss plaintiff's remaining arguments, but briefly mention them anyway for sake of completeness.

First, we are unpersuaded that defendant's trial counsel's fleeting comment in her opening statement about a need for plaintiff to present "objective" evidence of injury deprived plaintiff of a fair trial. The remark was not objected to at that moment by plaintiff's counsel and only belatedly raised as a problem

later in the case. The closing arguments and jury instructions appropriately omitted any reference to any need to prove injury by objective evidence. The judge did not abuse her discretion in declining to give a limiting instruction that might have only called the juror's attention to an irrelevant concern. Litton Industries, Inc. v. IMO Industries, Inc., 200 N.J. 372, 392-93 (2009) (noting the trial court's wide discretion in rulings on objections made to comments by trial counsel).

Second, there was no reversible error in defense counsel's effort to attempt to impeach plaintiff on cross-examination about how she described her condition to the responding police officer and to medical personnel at the hospital. The queries were posed in a permissible effort to show alleged inconsistences in plaintiff's narrative. Although it might have been helpful to the jurors, defense counsel was not required to move the police report or hospital records into evidence, given that plaintiff did not deny making (or as the case may be) omitting certain details, such as dizziness or nausea, in her statements after the accident. Admission of the extrinsic proof of what she said previously is not absolutely required where, as here, the witness did not disagree with the questioner's premise. See N.J.R.E. 613(b). Even assuming, for the sake of argument, it was error to allow the police report and hospital records to be

11

referred to without admitting them, the circumstances were not clearly capable of producing an adverse result. Plaintiff has not shown a manifest injustice or that the trial court abused its discretion on this evidentiary issue.

Lastly, the trial court did not abuse its discretion in issuing, as requested, the model jury charge on "False in One – False in All." See Model Jury Charge (Civil), 1.12M, "False in One – False in All" (approved Nov. 1998); see also State v. Ernst, 32 N.J. 567, 583-84 (1960). Here, there was a reasonable basis for the jury to perceive that plaintiff, because of certain variations in her narrative, had at times exaggerated her injuries and was not forthright. The court had a reasonable basis to grant the request to issue this additional guidance on credibility. For that matter, the principles underlying this charge could have pertained to defendant's medical expert, who plaintiff attempted to portray as exhibiting a lack of candor in minimizing her condition.

All other points raised on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Reversed and remanded for a new trial on damages.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5009-18T3